UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Shan Zhao,

                Plaintiff,

                                                                    **Hon. Hugh B. Scott**

                v.

                                                                     04CV467A

                                                                 **Decision & Order**

Kaleida Health, et al,

                Defendants.

Before the Court are the following motions: defendant Kaleida Health's ("Kaleida") motion to compel (Docket No. 20); defendant Aaron Kopinski's motion for a protective order (Docket No. 25); plaintiff's motion to compel (Docket No. 26) and plaintiff's cross-motion for a protective order (Docket No. 29).

**Background**

The plaintiff, Shan Zhao ("Zhao") initiated this action under 42 U.S.C. §2000(e) ("Title VII") and §296 of the New York State Human Rights Law alleging that she was discriminated against by Kaleida and Aaron Kopinski ("Kopinski") while she was an employee of Kaleida. Zhao is a female of Chinese origin and nationality and asserts that she is authorized to work in the United States pursuant to an H1-B work visa sponsored by Kaleida. (Docket No. 1 at ¶¶ 10, 12). On May 9, 2001, she was employed by Kaleida as an HRIS Analyst in the Human Resources department at Kaleida's Millard Fillmore Hospital located at Gates Circle in Buffalo,

1

New York. Kopinski was the senior HRIS Analyst for Kaleida at the Gates Circle facility.  Zhao claims that shortly after she began working at Kaleida, Kopinski engaged in unwanted touching of her body and conversations of a sexual nature. (Docket No. 1 at ¶ 21). At some point, according to Zhao, Kopinski coerced her into non-consensual sexual intercourse. (Docket No. 1 at ¶¶ 28-29).  She claims that Kopinski threatened to withhold work and/or information from her which would make it difficult to perform her job competently if she did not submit to his unwelcome conduct. (Docket No. 1 at ¶¶ 21-22).  The plaintiff asserts that Kopinski threatened to tell Denise Martin, Manager of Human Resources at the Millard Fillmore Gates Circle facility, that Zhao was incompetent, thereby threatening her job and immigration status.  She alleges that he further stated that if she complained to Martin about his conduct, she would lose her job and immigration status. (Docket No. 1 at ¶ ¶ 29-31).

**Discovery Motions**

    <u>Discovery from Zhao</u>

Kaleida seeks to compel Zhao to produce a copy of her passport. (Docket No. 21 at ¶¶ 5-6).  In addition, Kaleida had sought to obtain discovery from Zhao's current employer, Roswell Park Cancer Institute ("Roswell") regarding statements made by Zhao in connection with her application for employment at Roswell. (Docket No. 21 at ¶¶ 9).  Kaleida has subsequently advised the Court that an agreement has been reached whereby Zhao has agreed to produce a copy of her passport and Kaleida has agreed to withdraw its requests of information regarding Zhao's employment application to Roswell. (Docket No. 32). Thus, Kaleida's motion to compel (Docket No. 20) and Zhao's motion for a protective order (Docket No. 29) are moot.

Discovery from Kopinski

Zhao seeks disclosure of Kopinski's current address, the identity of his current employer and current employment records. Kopinski seeks a protective order regarding that information. The plaintiff asserts that statements made by Kopinski to prospective employers regarding the scope of his supervisory responsibilities is relevant to the plaintiff's claim that Kopinski was her supervisor.  Kopinski disputes that any statements he made to his current employer regarding the scope of his supervisory responsibilities at Kaleida are relevant to the plaintiff's claims. Kopinski also asserts that he fears that the plaintiff, and her husband, will use the information to "take negative and detrimental actions" against him. (Docket No. 25 at ¶ 7).  In this regard, Kopinski has submitted an affidavit sworn by Dhana Hannibal which alleges that Zhao had made statements to the effect that she intended to harass Kopinski. (Docket No. 25-3).  The plaintiff does not deny that the plaintiff's husband has had some communication with Kopinski. (Docket No. 30 at ¶ 11).

The information regarding Kopinski's statements as to the nature of his employment at Kaleida, and particularly as to the scope of any supervisory responsibilities he had at Kaleida, may be relevant to the plaintiff's claims in this case.  The plaintiff's motion to compel and Kopinski's motion for a protective order are granted in part and denied in part. Subject to the conditions stated below,  Kopinski is directed to respond to the discovery requests within 20 days of the date of this Order.

**Conditions Relating to Disclosure of Information**

The discovery directed by this Decision & Order shall be disclosed subject to the

following conditions:

> (1) Any information or documents produced in response to such requests are to be marked "confidential."
>
> (2) The information/documents are to be produced "for attorneys eyes only;" except as stated below, the information/documents may not be disclosed to the parties or any non-party without Court order.
>
> (3) The information/documents may only be used in connection with this litigation. The information/documents may not be included in or attached to any publically filed document or papers in this matter. If material to any filing with this Court, any documents containing the information at issue shall be filed under seal. The parties shall take steps to seal any portions of depositions referring to this information.
>
> (4). The documents produced in connection with this Order shall be returned to the respective parties upon the conclusion of this litigation. The parties shall not make or retain any copies of these documents.

**Modification of the Scheduling Order**

The parties seek modification of the scheduling order. The following dates shall apply:

1. All discovery in this case shall conclude on February 28, 2006. All motions to compel shall be due at least 30 days prior to that discovery cutoff date.
2. If not already disclosed, the parties shall identify any expert witnesses through interrogatories pursuant to Fed.R.Civ.P. 26(b)(4) as follows: (1) plaintiff shall identify any expert witnesses by January 27, 2006,(2) defendant shall identify any expert witnesses by February 14, 2006.
3. Dispositive motions, if any, shall be filed no later than April 14, 2006.

**Conclusion**

Based on the above, the respective motions are granted in part and denied in part.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
January 6, 2006